## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### (Austin Division)

| | |
|---|---|
| **JOSEPH LEE ROBLEDO,** *Individually and on behalf of all others similarly situated,*<br><br>**Plaintiff,**<br><br>v.<br><br>**YARDI SYSTEMS, INC.,**<br><br>**Defendant.** | **Civil Action No. 1:22-cv-1233**<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

### <u>Introduction</u>

1.     Plaintiff Joseph Lee Robledo ("Plaintiff"), individually and on behalf of all others similarly situated, sues Yardi Systems, Inc. ("Yardi" or "Defendant") on a class-action basis for its systematic and repeated violations of the Texas Fair Debt Collection Act ("TDCA"), Tex. Fin. Code § 392.001 *et seq.*

2.     Yardi is a California-based rent collector which has collected millions of dollars in fees at the expense of Texas residential tenants, by requiring them to pay extra fees simply for paying their debts ("Pay-to-Pay Fees").

3.     Yardi is one of the largest rent collectors in the United States, and is paid by the landlords whose rent it collects. But Yardi also requires tenants to pay it additional Pay-to-Pay Fees just to pay their rent, despite the fact that those fees are not authorized by the terms of the tenants' lease agreements.

4.     For example, in Texas, Yardi has required Plaintiff and other members of the Class defined below to pay Yardi a fee, every month, for simply paying their

rent electronically and using methods of payment including ACH, credit card, or debit card.

5.    The TDCA flatly prohibits debt collectors like Yardi from collecting such extra fees – doing so is a practice the TDCA identifies as per se "unfair and unconscionable," and illegal. Specifically, the statute prohibits:

> collecting or attempting to collect interest or a charge, fee, or expense incidental to the obligation unless the interest or incidental charge, fee, or expense is expressly authorized by the agreement creating the obligation or legally chargeable to the consumer.

Tex. Fin. Code § 392.303(a)(2); *see also Caldwell v. Freedom Mortg. Corp.*, No. 3:19-CV-2193-N, 2020 WL 4747497, at *3 (N.D. Tex. Aug. 14, 2020) ("convenience fees derived from debt-payment methods are 'incidental' to the debt being paid" and prohibited under the TDCA.)

6.    Yardi charges thousands of Texas residents illegal Pay-to-Pay Fees every month anyway. Within the past two years, Yardi has collected more than $5 million in illegal Pay-to-Pay Fees from Plaintiff and other members of the Classes defined below ("Class Members").

7.    Yardi's Pay-to-Pay Fees far exceed its actual costs. Yardi's costs for processing payments online are about $0.50 per transaction. *See* Association for Financial Professionals, *Payments Cost Benchmarking Survey*, at 8 (2015). Yet Yardi's Pay-to-Pay Fees range from about twice that amount to much more.

8.    For example, Yardi charged, and Plaintiff paid, Pay-to-Pay fees ranging from $3.95 to $4.95 for each rent payment – when Yardi's costs for processing each transaction were a fraction of the Pay-to-Pay Fees it imposed on,

and collected from, Plaintiff.

9.    Plaintiff and other Class Members are obliged to pay the rent Yardi collects from them under residential lease agreements with their third-party landlords. Nothing in those residential lease agreements expressly authorizes Yardi's Pay-to-Pay Fees.

10.    Yardi's Pay-to-Pay Fees are not otherwise legally chargeable to Plaintiff or Class Members.

11.    Accordingly, Yardi's Pay-to-Pay Fees are by definition unfair and unconscionable under the TDCA, and should be returned to Plaintiff and Class Members.

12.    The Texas Legislature enacted the TDCA to protect Texans, like Plaintiff and Class Members, from unfair and unconscionable debt collection practices like Yardi's.

13.    When Yardi took, and continues to take, money from Plaintiff and Class Members to pay fees that that violate laws designed to protect them, Plaintiff and the Class were and are damaged.

14.    Accordingly, Plaintiff brings claims on behalf of the Class defined below:

> All persons who 1) paid a fee imposed or collected by Yardi during the applicable statute of limitations period through the date a class is certified, 2) for making a payment of charges arising from a lease agreement for a Texas residence, 3) where the lease agreement does not expressly authorize the payment of such a fee.

15.    Excluded from the Class are all employees, officers and directors of

Yardi and its parent or subsidiary companies and predecessors and successors, and all employees of the Court.

## Parties

16.    Plaintiff, Joseph Lee Robledo, is a natural person who is a resident and citizen of the State of Texas.

17.    Yardi is a California corporation with its principal place of business in California and is a citizen of the state of California.

## Jurisdiction and Venue

18.    The Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"), gives this Court jurisdiction over this action. Plaintiff seeks to represent the Class defined above, which consists of more than 100 persons, and this case is a "class action" as defined by 28 U.S.C. § 1332(d)(1), because it is filed pursuant to Fed. R. Civ. P. 23.

19.    Every month, Yardi collects rent from thousands of Class Members, and charges Pay-to-Pay Fees to thousands of Class Members. Yardi has collected more than $5 million in Pay-to-Pay Fees from Plaintiff and Class Members in the two years prior to the filing of this Complaint. In this lawsuit Plaintiff seeks to recover the more than $5 million in Pay-to-Pay Fees Yardi unlawfully took from Plaintiff and other Class Members. Plaintiff is a citizen of Texas, and Yardi is a citizen of California. Accordingly, the amount in controversy in this case exceeds $5 million, minimal diversity exists between the parties to this action, and this Court has original diversity jurisdiction under CAFA pursuant to 28 U.S.C. § 1332(d)(2).

20.    Venue is proper in this District under 28 U.S.C. § 1391(b)(2), because Plaintiff is located here and a substantial part of the acts or omissions giving rise to

Plaintiff's causes of action occurred here. The Yardi Pay-to-Pay Fees which are challenged in this action were paid by Plaintiff and other Texas residents, in order to pay rent due on Texas residential real property. Furthermore, the "Yardi Texas" division of Yardi is located within this District, in Austin.

<strong><u>Factual Background</u></strong>

**A.    Yardi Collects Rent from Plaintiff and Each Class Member – and Charges them a Pay-to-Pay Fee.**

21.    Yardi specializes in the collection of residential rent and associated charges for residential multifamily housing landlords nationwide, including in Texas.

22.    In order to conduct its rent collection business, Yardi markets its collection abilities to multiple residential landlords, and enters into contracts with those landlords to collect rent and associated charges from the landlord's residential tenants. Yardi contracts with the landlords that Yardi will provide a means for the landlord's tenants to pay, and for Yardi to accept, payments of rent and associated charges over the Internet, in ACH, credit card, and debit card transactions, and that Yardi will then transfer the payments of rent and associated charges to the landlord.

23.    Yardi, for example, establishes numerous so-called "Resident Portals" and smartphone apps which it uses to collect rent and associated charges from Texas residential tenants over the Internet, including Plaintiff.

24.    Yardi's Resident Portals and apps are platforms which urge tenants to pay rent, and which accept payments of rent and associated charges from tenants.

25.    When Plaintiff and other residential tenants log in to a Yardi Resident Portal or app, Yardi encourages the resident to make a payment of rent and associated charges from the Resident Portal or app and to set up automatic monthly payments of rent and associated charges.

26.    When Plaintiff and each Class member made a payment of rent and associated charges using Yardi's Resident Portal or app, Yardi charged them an extra fee to make the payment – a Pay-to-Pay Fee.

27.    In each such transaction Yardi collected the payment of rent and associated charges on behalf of its client – the Plaintiff or Class member's landlord. Yardi then transferred the value of the payment of rent and associated charges (less any Pay-to-Pay fee) to the Plaintiff or Class member's landlord. Yardi kept the Pay-to-Pay Fees.

28.    Yardi collected one or more Pay-to-Pay Fees from Plaintiff and each Class Member for collecting one or more payments from them.

**B.    Yardi Is A "Debt Collector" Under the TDCA**

29.    The TDCA applies to "consumer debt" which is defined as: "an obligation, or an alleged obligation, primarily for personal, family, or household purposes and arising from a transaction or alleged transaction." TDCA § 392.001(2).

30.    The amounts Yardi collected from Plaintiff and each Class member consisted of obligations, or alleged obligations, primarily for personal, family, or household purposes which arose from transactions.

31.    In particular, Yardi collected money from Plaintiff and Class members for alleged debts which arose from residential leases and in connection with Class

members' residential tenancies, for monthly rent and associated charges. Accordingly, the amounts Yardi collected from Plaintiff and Class Members constitute "consumer debts" under TDCA § 392.001(2).

32.    With respect to Plaintiff and each Class member, Yardi is a debt collector for purposes of the TDCA because it has undertaken actions, engaged in "debt collection," that is, conduct, and employed a practice in collecting, or in soliciting for collection, consumer debts that are due or alleged to be due to creditors. TDCA § 392.001(5), (6).

33.    In particular, Yardi has collected from Plaintiff and each Class Member amounts allegedly due to third-party landlords for monthly rent and associated charges and has established facilities for electronically collecting payment of monthly rent and associated charges, through Resident Portals, apps, and otherwise. Although Yardi has collected these charges on behalf of third-party landlords, the payment portals and apps where Plaintiff and Class members made the payments are owned and operated by Yardi, and Yardi has collected the charges paid by Plaintiff and Class members.

34.    TDCA § 392.001(6) also provides that a person who "sells or offers to sell forms represented to be a collection system, device, or scheme intended to be used to collect consumer debts," is a debt collector. Yardi sells and offers to sell forms represented to be a collection system, device, or scheme intended to be used to collect consumer debts.

35.    Yardi's payment collection system consists of a number of forms

displayed on the Internet which Yardi represents to be a collection system, device, or scheme intended to be used to collect consumer debts.

36.     For example, Yardi advertises to landlords that its payment system, which includes the Internet displayed forms, will "[c]ollect rent more quickly!" It advertises that "[o]nline rent payments make it a lot easier for you to collect rent." It advertises that "[c]ollecting rent online is more convenient, more efficient and cuts down on trips to the bank."

37.     Yardi's Internet form-based payment collection system works as a debt collection device. Plaintiff and each Class member made a payment of a consumer debt to Yardi through Yardi's payment collection system. Yardi acted as a debt collector for the landlords of Plaintiff and Class Members and collected the Plaintiff's and Class Members' rent.

38.     By undertaking its activities in collecting payments for rent and associated charges from Plaintiff and Class Members, Yardi is engaged in an "action, conduct, or practice in collecting, or in soliciting for collection, consumer debts that are due or alleged to be due a creditor." *See* TDCA 392.001(5).

## C.     Yardi's Pay-to-Pay Fees Violate the TDCA

39.     The Pay-to-Pay Fees assessed by Yardi against Plaintiff and Yardi Class Members are *per se* unlawful under the TDCA.

40.     As alleged above, the TDCA prohibits a debt collector like Yardi from collecting any "charge, fee, or expense" which is "incidental to the obligation" being collected, unless the "charge, fee, or expense is expressly authorized by the agreement creating the obligation or legally chargeable to the consumer." Tex. Fin.

Code Ann. § 392.303.

41.    The Pay-to-Pay Fees Yardi charged to, and collected from, Plaintiff and each Class member are incidental to the rent being collected. The Pay-to-Pay Fees are convenience fees derived from debt-payment methods – Plaintiff and Class members must pay the Pay-to-Pay Fees to pay their rent via the Internet. Yardi charges and collects the Pay-to-Pay Fee only when tenants, including Plaintiff and each Class member, make a payment of rent over the Internet.

42.    The Pay-to-Pay Fee was paid to Yardi in Plaintiff and each Class Member's transactions. Yardi ultimately collects, and keeps, the Pay-to-Pay Fees, resulting in compensation to Yardi. The Pay-to-Pay Fees do not represent Yardi's attempt to simply pass along third-party charges to Plaintiff and Class members.

43.    The Pay-to-Pay Fees Yardi collected from Plaintiff and each Class member are not expressly authorized by the agreement creating the Plaintiff and Class members' obligations. The leases of Plaintiff and each Class member created the obligations that Yardi collected from them, and none of those leases expressly authorized Yardi to collect a Pay-to-Pay Fee.

44.    The Pay-to-Pay Fees Yardi collected from Plaintiff and each Class member are not legally chargeable to Plaintiff or Class members.

45.    Yardi damaged Plaintiff and Class members by taking money from them in the form of Pay-to-Pay Fees, which were illegal and uncollectible. Yardi's violations of the TDCA caused Plaintiff and Class members to pay Pay-to-Pay Fees which they would not otherwise have had to pay, and which Yardi could not legally

charge or collect.

46.     In its transactions with Plaintiff and the Class, Yardi uniformly and systematically acted as a debt collector, actively collected money from Plaintiff and Class Members for their residential rent, yet failed to comply with, and violated, the requirements of the TDCA, and treated the Plaintiff and Class members unfairly and unconscionably.

47.     Unless and until this Court grants the relief Plaintiff seeks through this action, Yardi will continue its illegal practices and retain the proceeds of its unlawful activities, to the detriment of Plaintiff and Class members.

**D.     Plaintiff Paid Multiple Pay-to-Pay Fees to Yardi**

48.     Plaintiff is a residential tenant living in Austin, Texas. Plaintiff's landlord contracted with Yardi that Yardi would collect rent from tenants, including Plaintiff.

49.     Yardi collects rent from Plaintiff over the Internet using an Internet-based "Resident Portal" which is owned and operated by Yardi.

50.     The "Resident Portal" which Yardi used to collect rent from Plaintiff includes a webpage where Plaintiff can "Make Payments." This "Make Payments" webpage urges Plaintiff to "Easily pay your bill online by setting up automatic recurring payments. Select your payment method from the options below to get started." The same form states, in large font, "Pay by Bank Account." It then states "Pay your bill using a bank account." Then, in more large font, the document states "Pay by Credit Card." It advises, "Use your credit card to pay your bill." And, across from all of these statements urging Plaintiff to "pay" is a statement of the "Total

Amount" due on Plaintiff's "Current Balance."

51.     Plaintiff made multiple payments of rent and associated charges to Yardi using Yardi's Resident Portal, payments Yardi collected to then pay over to Plaintiff's landlord.

52.     Each time that Plaintiff made payments of rent and associated charges for Plaintiff's residence to Yardi, Yardi imposed, and Plaintiff paid, an additional Pay-to-Pay fee to Yardi which Yardi kept for itself, and which Yardi called "Online Payment Service Fees (per transaction)."

53.     Yardi's Payment Portal for Plaintiff states "Service fees are paid directly to Yardi Systems and are subject to change without notice."

54.     Yardi's Payment Portal for Plaintiff states that the "Service fee," or Pay-to-Pay Fee, for payment by "Debit Card" is "$3.95 - $9.95" and that payment by "VISA/MC/Diners/Discover/AMEX" is "2.50%."

55.     For example, on August 2, 2022, at approximately 11:45 a.m., Plaintiff made a payment of rent and associated charges to Yardi by debit card. Yardi sent Plaintiff an E-mail receipt – misleadingly stating that it was from "Walnut Creek Crossing," but with the E-mail address no-reply@rentcafe.com. The E-mail was not from "Walnut Creek Crossing" – it was from Yardi, which owns the rentcafe.com domain. The E-mail reflected that Plaintiff paid a particular "Payment Amount," and, in addition, that Plaintiff paid a "Service Fee" – which is a Pay-to-Pay Fee – of $4.95. The E-mail receipt stated that Yardi collected this "service fee".

56.     On September 7, 2022, at approximately 10:47 a.m., Plaintiff made a

payment of rent and associated charges to Yardi by debit card. Yardi sent Plaintiff an E-mail receipt – misleadingly stating that it was from "Walnut Creek Crossing," but with the E-mail address no-reply@rentcafe.com. The E-mail was not from "Walnut Creek Crossing" – it was from Yardi, which owns the rentcafe.com domain. The E-mail reflected that Plaintiff paid a particular "Payment Amount," and, in addition, that Plaintiff paid a "Service Fee" – which is a Pay-to-Pay Fee – of $4.95. The E-mail receipt stated that Yardi collected this "service fee".

57.    On October 4, 2022, at approximately 8:38 a.m., Plaintiff made a payment of rent and associated charges to Yardi by debit card. Yardi sent Plaintiff an E-mail receipt – misleadingly stating that it was from "Walnut Creek Crossing," but with the E-mail address no-reply@rentcafe.com. The E-mail was not from "Walnut Creek Crossing" – it was from Yardi, which owns the rentcafe.com domain. The E-mail reflected that Plaintiff paid a particular "Payment Amount," and, in addition, that Plaintiff paid a "Service Fee" – which is a Pay-to-Pay Fee – of $4.95. The E-mail receipt stated that Yardi collected this "service fee".

58.    On November 3, 2022, at approximately 6:15 p.m., Plaintiff made a payment of rent and associated charges to Yardi by debit card. Yardi sent Plaintiff an E-mail receipt – misleadingly stating that it was from "Walnut Creek Crossing," but with the E-mail address no-reply@rentcafe.com. The E-mail was not from "Walnut Creek Crossing" – it was from Yardi, which owns the rentcafe.com domain. The E-mail reflected that Plaintiff paid a particular "Payment Amount," and, in addition, that Plaintiff paid a "Service Fee" – which is a Pay-to-Pay Fee – of $3.95.

12

The E-mail receipt stated that Yardi collected this "service fee".

**E.    Numerous Class Members Each Shared Plaintiff's Experience.**

59.    Yardi collects rent from Plaintiff and Class members through numerous Resident Portals, smartphone apps, and other means.

60.    Plaintiff and each Class Member made one or more payments of rent and associated charges, which were due or allegedly due under residential leases, to Yardi. Yardi collected the Class Members' payments on behalf of the Plaintiff's and Class Members' landlords, and retained all the Pay-to-Pay Fees it charged Plaintiff and Class Members.

61.    Yardi charged and collected one or more Pay-to-Pay Fees from Plaintiff and each Class Member. The Pay-to-Pay Fees were not expressly authorized under the lease agreements of Plaintiff or any Class Members, or legally chargeable to any of them.

62.    Plaintiff and Class Members were damaged by the Pay-to-Pay Fees imposed on them by Yardi.

63.    Yardi misled Plaintiff and Class Members into paying the Pay-to-Pay fees, even though the fees are illegal.

## <u>Class Action Allegations</u>

64.    The Class, as defined above, is ascertainable and identifiable. The proposed Class Representative, Plaintiff, is a member of the Class.

65.    The Class is so numerous that joinder of all members is impracticable. The Class consists of many thousands of persons.

66.    There are questions of law and fact which are not only common to the

Class, but which predominate over any questions affecting only individual Class members.

67.    The common and predominating questions include, but are not limited to:

(a) Whether Yardi acted as a debt collector in its dealings with Plaintiff and Class members;

(b) Whether Yardi charged a Pay-to-Pay Fee to Plaintiff and Class members;

(c) Whether Yardi's Pay-to-Pay Fees are prohibited by the TDCA;

(d) Whether Yardi must restore amounts paid for Pay-to-Pay fees to Plaintiff and Class members.

(e) Whether Plaintiff and Class Members are entitled to a declaratory judgment that Yardi may not charge them Pay-to-Pay Fees;

(f) Whether Plaintiff and Class Members are entitled to a declaratory judgment that Yardi's actions are in violation of the TDCA;

(g) Whether Yardi's actions in its dealings with Plaintiff and the Class entitle Plaintiff and the Class to restitution.

68.    Plaintiff's claims are typical of the claims of the respective members of the Class within the meaning of Fed. R. Civ. P. 23(a)(3) and are based on and arise out of similar facts constituting Yardi's wrongful conduct.

69.    Plaintiff will fairly and adequately protect the interests of the Class within the meaning of Fed. R. Civ. P. 23(a)(4). Plaintiff is committed to vigorously

litigating this matter. Further, Plaintiff has secured counsel experienced in handling consumer class actions and complex consumer litigation.

70.     Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

71.     The prosecution of separate actions by individual members of the Class would create a risk of establishing incompatible standards of conduct for Yardi within the meaning of Fed. R. Civ. P. 23(b)(1)(A).

72.     Yardi's actions are generally applicable to the Class as a whole, and Plaintiff seeks declaratory relief with respect to the Class as a whole within the meaning of Fed. R. Civ. P. 23(b)(2).

73.     Common questions of law and fact, some of which are enumerated above, predominate over questions affecting only individual members of the Class, and a class action is the superior method for fair and efficient adjudication of the controversy within the meaning of Fed. R. Civ. P. 23(b)(3).

74.     The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation, and due to the relatively small amounts of individual damages for Class Members.

75.     Plaintiff's counsel are experienced in class actions, and foresee little difficulty in the management of this case as a class action.

## Causes of Action

### Count One
### Declaratory Relief under 28 U.S.C. §§ 2201 *et seq.*

76.    Plaintiff re-alleges and incorporates by reference the allegations set forth above as if fully set forth herein.

77.    This claim for declaratory relief is brought under the FDJA, to settle and obtain relief from uncertainty and insecurity with respect to the rights, status and legal relations regarding Plaintiff and members of the Class and Defendant, and under the TDCA.

78.    Defendant takes the position that it is entitled to undertake the actions alleged herein in its dealings with Plaintiff and members of the Class, and that it is and was entitled to demand and collect Pay-to-Pay Fees from them.

79.    Plaintiff takes the position that Defendant is not entitled to undertake the actions alleged herein in its dealings with Plaintiff and members of the Class, and is not entitled to demand or collect Pay-to-Pay Fees from Plaintiff or Class members.

80.    Yardi continues to demand and collect from Plaintiff and Class members payment of the unlawful Pay-to-Pay Fees challenged in this Complaint. Plaintiff and Class Members face an ongoing alleged obligation to pay Yardi Pay-to-Pay Fees for its collection of payments of rent and associated charges.

81.    This presents an actual, judicable controversy between the parties relating to the actions by Yardi in its dealings with Plaintiff and members of the Class, relating to the application of the TDCA to those actions, and relating to the

legitimacy of charges assessed as a result of those actions. In particular, Yardi has acted as a debt collector, has collected payments for rent and associated charges from Plaintiff and Class members, and has demanded and collected Pay-to-Pay Fees and contends that its actions have been lawful. Plaintiff contends that Yardi is not entitled to demand or collect Pay-to-Pay Fees, and that its actions in doing so have been unlawful and must stop.

82.    Plaintiff and Class members have a right to be free from the charges unlawfully demanded and collected from them by Yardi.

83.    A declaration of the rights of the parties is necessary to resolve the parties' respective rights under the TDCA. For example, Plaintiff and the Class are entitled to a declaration that Yardi's Pay-to-Pay Fees violate the TDCA, and that such fees may not be demanded or collected from Plaintiff and Class members.

## Count Two
## Violation of the Texas Debt Collection Act, Tex. Fin. Code § 392.001 *et seq.*

84.    Plaintiff re-alleges and incorporates by reference the allegations set forth above as if fully set forth herein.

85.    The rent and associated charges Yardi collected from Plaintiff and Class members is "consumer debt" under the TDCA § 392.001(2) because those amounts arose from residential lease agreements, and constituted obligations, or alleged obligations, primarily for personal, family, or household purposes and arising from a transaction or alleged transaction.

86.    Plaintiff and Class members each had the consumer debt which Yardi collected, and Plaintiff and each Class member are therefore consumers under the

TDCA § 392.001(1).

87.     Yardi's actions alleged in this Complaint constitute "debt collection" under the TDCA § 392.001(5), as Yardi has undertaken actions, conduct, and practice in collecting, or in soliciting for collection, consumer debts that are due or alleged to be due a creditor. Among other things, Yardi encouraged Plaintiff and Class members to pay Yardi the rent and associated charges due to their landlord, so that Yardi could collect that rent and associated charges and charge Plaintiff and Class members Pay-to-Pay Fees.

88.     Yardi, at all times relevant to the actions alleged herein, has been a "debt collector" within the meaning of TDCA § 392.001(6), as Yardi has been a person who directly or indirectly engages in debt collection, and Yardi has sold or offered to sell forms represented to be a collection system, device, or scheme intended to be used to collect consumer debts. In particular, Yardi collected rent and associated charges from Plaintiff and each Class member; and Yardi marketed and sold its series of Internet-based forms – its Resident Portal – to Plaintiff and Class Members' landlords as a collection system, device, or scheme intended to be used to collect consumer debts.

89.     In its actions as a debt collector with respect to Plaintiff and Class members, Yardi violated the TDCA.

90.     In particular, Yardi violated TDCA § 392.303(a)(2) when it collected and attempted to collect its Pay-to-Pay Fees from Plaintiff and each Class member, because those Pay-to-Pay Fees constitute interest or a charge, fee, or expense

incidental to the rent and associated charges collected by Yardi, which is not expressly authorized by the agreement creating the obligation or legally chargeable to the consumer.

91.    Plaintiff, and each Class member, paid one or more Pay-to-Pay Fees to Yardi. Yardi kept those fees and did not pass them along to the landlord or another third party. Yardi profited from demanding and collecting Pay-to-Pay Fees from Plaintiff and Class members.

92.    Yardi's actions in violation of the TDCA proximately caused damages to Plaintiff and Class members. As a direct and proximate result of Yardi's methods of collecting consumer debts in violation of Texas law, Plaintiff and Class members were assessed and paid charges which they did not legally owe, including Pay-to-Pay Fees, which damaged Plaintiff and Class members. If Yardi had not charged Pay-to-Pay Fees in violation of the TDCA, Plaintiff and Class members would not have suffered these damages.

**Count Three**
**Money Had and Received**

93.     Plaintiff re-alleges and incorporates by reference the allegations set forth above as if fully set forth herein.

94.    Yardi acted as a debt collector collection in its dealings with Plaintiff and members of the Class and charged Plaintiff and each Class member one or more Pay-to-Pay Fees, which are illegal under the TDCA.

95.    These actions of Yardi were and are illegal.

96.    Any otherwise existing basis under which Yardi would be entitled to

19

collect a Pay-to-Pay Fee from Plaintiff or any Class member, when the TDCA prohibits such a fee, is nugatory and ineffective as Yardi's activities were in violation of Texas law.

97.     As a result of Yardi's actions, Yardi collected money, resulting from the Pay-to-Pay Fees which it unlawfully assessed to Plaintiff and Class members, to which it had no legal or equitable right.

98.     Yardi, for example, collected and retained Pay-to-Pay Fees which were illegal for it to demand or collect.

99.     As a result of the actions alleged above, Yardi obtained possession of money which, in equity and good conscience, it ought not to be allowed to retain and should return to Plaintiff and other Yardi Class Members.

**Count Four**
**Unjust Enrichment**

100.    Plaintiff re-alleges and incorporates by reference the allegations set forth above as if fully set forth herein.

101.    Plaintiff and Class members conferred a benefit upon Yardi by paying Yardi the Pay-to-Pay Fees Yardi charged them.

102.    Yardi knew of the benefit conferred upon it by Plaintiff and Class members. Yardi affirmatively demanded that Plaintiff and Class members pay the Pay-to-Pay Fees.

103.    It would be inequitable for Yardi to retain the Pay-to-Pay Fee amounts that it has received from Plaintiff and Class members, as those amounts were paid to Yardi as a result of its unlawful activity described in this Complaint and were not

legally owed to Yardi and could not legally be collected by Yardi.

WHEREFORE, Plaintiff respectfully requests:

A.     a declaratory judgment that under the TDCA Yardi may not collect Pay-to-Pay Fees for collecting payments of rent and associated charges from residential tenants like Plaintiff and Class members;

B.     injunctive relief pursuant to TDCA § 392.403(a)(1) to prevent and restrain Yardi from collecting Pay-to-Pay Fees in violation of the TDCA;

C.     actual damages sustained by Plaintiff and Class members in an amount determined by a jury, in an aggregate amount in excess of $5 million for the Class as a whole, including all amounts paid by Plaintiff and Class members for Pay-to-Pay Fees, pursuant to TDCA § 392.403(a)(2);

D.     Attorney's fees pursuant to TDCA § 392.403(b);

E.     disgorgement and restitution of all benefits received by Yardi in connection with its collection of Pay-to-Pay Fees and a refund of all Pay-to-Pay Fees collected from Plaintiff and Class members;

F.     Pre-and post-judgment interest;

G.     The costs of this action; and

H.     such other and further relief as the nature of this case may require.

## **JURY TRIAL**

Plaintiff demands a trial by jury on all issues triable of right by a jury.

Dated: November 22, 2022

Respectfully submitted,

_/s/ John G. Turner_
John G. Turner III (TX # 203020550)
jturner@baileyglasser.com
Robert R. Bell III (TX# 00787062)
rbell@baileyglasser.com
BAILEY & GLASSER LLP
1055 Thomas Jefferson Street NW
Suite 540
Washington, DC 20007
Tel. (202) 463-2101
Fax (202) 463-2103

Elizabeth Ryan (to seek admission _pro hac vice_)
eryan@baileyglasser.com
BAILEY & GLASSER LLP
176 Federal Street, 5th Floor
Boston, MA 02110
Tel. (617) 439-6730

Benjamin H. Carney (to seek admission _pro hac vice_)
bcarney@GWCfirm.com
GORDON, WOLF & CARNEY, CHTD.
100 West Pennsylvania Ave., Suite 100
Towson, Maryland 21204
Tel. (410) 825-2300
Fax (410) 825-0066

**_Attorneys for Plaintiff and the Proposed Class_**